IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02174-LTB-MJW

GLORIA MORRISSEY,

Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

Defendant.

---

**ORDER REGARDING DEFENDANT'S SECOND MOTION TO COMPEL (DOCKET NO. 39)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant's Second Motion to Compel (docket no. 39). The court has reviewed the subject motion (docket no. 39) and the response (docket no. 46). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2 That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. Rule 26(b) of the Federal Rules of Civil Procedure provides in relevant part that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Despite this broad language, the rule does allow a court to limit discovery if 'the burden or expense of the proposed discovery outweighs its likely benefit.'" Koch v. Koch Indus., Inc., 203 F.3d 1202, 1238 (10th Cir. 2000).

Under the discovery rules, the presumption is that the responding party must bear the expense of complying with discovery requests, except a court may protect the responding party from undue burden or expense by shifting some or all of the costs of production to the requesting party. See Fed. R. Civ. P. 26(c). See also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358 (1978). In determining whether to shift the costs of discovery to the requesting party, factors to consider include:

> (1) the specificity of the discovery requests; (2) the likelihood of discovering critical information; (3) the availability of such information from other sources; (4) the purposes for which the responding party maintains the requested data; (5) the relative benefit to the parties of obtaining the information; (6) the total cost associated with production; (7) the relative ability of each party to control costs and its incentive to do so; and (8) the resources available to each party.

Rowe Entertainment, Inc. v. The William Morris Agency, Inc., 205 F.R.D. 421, 429 (S.D.N.Y. 2002).;

5. That as to Defendant's interrogatory no. 5, Plaintiff has responded fully and therefore no further response is required;

6. That as to Defendant's interrogatory no. 13, Plaintiff has not fully responded and therefore a further and more detailed response is required;

7. That as to Defendant's interrogatory no. 14, Plaintiff has not fully responded and therefore a further and more detailed response is required;

8. That as to Defendant's interrogatory no. 18, Plaintiff has responded fully and therefore no further response is required;

9. That as to Defendant's Request for Production of Documents No. 1,

Plaintiff, per her response (docket no. 46), intends on providing the requested information in Defendant's Request for Production of Documents No. 1 on May 1, 2009, the date that the Plaintiff's expert disclosures are due per the Rule 16 Scheduling Order and therefore Defendant's Request for Production of Documents No. 1 is moot and should be denied; and,

10. That as to Defendant's Request for Production of Documents No. 7, Plaintiff did not respond specially to Defendant's Request for Production of Documents No. 7, in her response (docket no. 46) and therefore Plaintiff has confessed the subject motion (docket no. 39) as to Defendant's Request for Production of Documents No. 7 only and a further and more detailed response is required.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS:**

1. That Defendant's Second Motion to Compel (docket no. 39) is **GRANTED IN PART AND DENIED IN PART;**

2. That Defendant's Second Motion to Compel (docket no. 39) is **GRANTED** as to Defendant's interrogatories nos. 13 and 14 and is also **GRANTED** as to Defendant's Request for Production of

Documents no. 7. That Plaintiff shall provide full and complete responses to Defendant's interrogatories nos. 13 and 14 and Defendant's Request for Production of Documents no. 7 on or before May 22, 2009;

3. That Defendant's Second Motion to Compel (docket no. 39) is **DENIED** as to Defendant's interrogatories nos. 5 and 18 and is also **DENIED** as to Defendant's Request for Production of Documents no. 1;

4. That each party shall pay their own attorney fees and costs since under the facts and circumstances of this case an award of expenses would be unjust.

Done this 5th day of May, 2009.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. Magistrate Judge