IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 08-cv-02174-LTB-MJW

GLORIA MORRISSEY,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

_____

ORDER
_____

This case is before me on Defendant's Motion to Dismiss [Doc # 15]. By the motion, Defendant moves to dismiss Plaintiff's Fifth Claim for Relief pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, I deny the motion.

**I. Background**

Plaintiff's Amended Complaint generally alleges that she was injured in an automobile accident that occurred on September 29, 2005 and that Defendant has wrongfully refused to pay the underinsured motorist benefits that she is entitled to under her automobile insurance policy. Plaintiff's Fifth Claim for Relief alleges that Defendant's conduct is in violation of C.R.S. § 10-3-1116. This statute provides for the recovery of reasonable attorney fees, court costs, and two times the covered benefit for "first-party claimants" whose claim for payment of insurance benefits has been unreasonably delayed or denied.

Section 10-3-1116 went into effect August 5, 2008, and the parties agree that the statute does not apply retroactively.

## II. Standard of Review

Under Rule 12(b)(6), "[d]ismissal is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face." *United States ex rel. Conner v. Salina Regional Health Center,* 543 F.3d 1211, 1217 (10th Cir. 2008) (quotations and citations omitted). Although a plaintiff must provide "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action . . . [s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007) (quotations and citations omitted).

## III. Analysis

Defendant argues that Plaintiff's claim under C.R.S. § 10-3-1116 must be dismissed because the subject automobile accident and all of Defendant's conduct in handling the related claims occurred prior to the effective date of this statute. Plaintiff responds that Defendant continues to refuse to pay her underinsured motorist benefits and that its conduct in this regard after the August 5, 2008 effective date comes within the purview of the statute.

Given the nature of Defendant's motion, neither party has presented evidence of the history of communications between the parties regarding Plaintiff's claim for benefits relating to the September 29, 2005 accident. In the absence of such evidence and under the appropriate standard of review, I am unable to conclude as a matter of law that Plaintiff's Fifth Claim for Relief fails to state a cognizable claim. If Plaintiff proceeds to trial on this claim, however, it shall be limited to Defendant's conduct after August 5, 2008 as Plaintiff concedes is appropriate.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc # 15] is DENIED.

Dated: May   14th  , 2009 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, JUDGE