IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02174-LTB-MJW

GLORIA MORRISSEY,

Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

Defendant.

---

**ORDER REGARDING
DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S
NOTICES OF DEPOSITIONS AND SUBPOENAS *DUCES TECUM*
(DOCKET NO. 63)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant's Motion for Protective Order Regarding Plaintiff's Notices of Depositions and Subpoenas *Duces Tecum* (docket no. 63). The court has reviewed the subject motion (docket no. 63), the responses (docket nos. 66 and 68), and the reply (docket no. 69). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This court finds:

    1.    That I have jurisdiction over the subject matter and over the parties

2

to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiff seeks, in her Complaint, to recover first-party insurance benefits from her insurer, Defendant Allstate, and also alleges bad faith handling of that claim;

5. That Plaintiff has served on Defendant Allstate deposition notices for bad faith adjuster Karla Cosgrove and claims adjuster Estrella Hernandez along with subpoenas *duces tecum* as to each;

6  That Defendant seeks an order from this court to: (a) prohibit Plaintiff from deposing Defendant's bad faith adjuster Karla Cosgrove; (b) prevent Plaintiff from using subpoenas *duces tecum* that were served on Defendant's bad faith adjuster Karla Cosgrove and Defendant's claims adjuster Estrella Hernandez; and (c) prohibit discovery that is being sought by Plaintiff in the subpoenas *duces tecum* served on Defendant's bad faith adjuster Karla Cosgrove and Defendant's claims adjuster Estrella Hernandez;

7. That Defendant Allstate does not object to the deposition of claims adjuster Estrella Hernandez, as she is the supervisor for Tom Linton, who was Defendant Allstate's uninsured/underinsured claims adjuster for the claim at issue in this lawsuit.  In fact, it does appear that Defendant Allstate's uninsured/underinsured claims

3

       adjuster, Tom Linton, and his supervisor, Estrella Hernandez, have already been deposed;

8. That discovery through subpoenas *duces tecum* on Defendant Allstate is not proper.  *See* Murray v. Crawford, 2009 WL 1600682, *1 (D. Colo. 2009) *(citing* Hasbro, Inc. v. Serafino, 168 F.R.D. 99, 100 (D. Mass 1996)(Rule 45 subpoenas are only applicable to non-parties and documents sought from parties must be requested pursuant to Rule 34)).  *See* 7 Moore's Federal Practice § 34.03[2][a] (stating that "[a]lthough Rule 45 is not limited by its terms to nonparties, it should not be used to obtain pretrial production of documents or things, or inspection of premises, from a party in circumvention of discovery rules or orders.").  Requiring Plaintiff to proceed pursuant to Rule 34 would allow Defendant Allstate the opportunity to object to such requests for production of documents on privilege or other grounds;

9. That it is undisputed that Defendant's bad faith adjuster Karla Cosgrove did not begin working on this case until after this lawsuit was filed.  It is clear that any work performed by Ms. Cosgrove would be protected by either the work product doctrine or attorney-client privilege.  Moreover, there is no evidence to suggest that Ms. Cosgrove did any work on the underlying underinsured motorist claim.  *See* Fed. R. Civ. P. 26(b)(1);

10. That the trial court has board discretion to issue a protective order.

Wang v. Hsu, 919 F.2d 130, 130 (10th Cir. 1990). Good cause is proven by a showing that disclosure will result in a "clearly defined and serious injury" to that moving party. Klesch & Co. Ltd. v. Liberty Media Corp., 217 F.R.D. 517, 524 (D. Colo. 2003). The trial court must balance the non-movant's need for information against the movant's injury from "unrestricted disclosure." Exum v. United States Olympic Committee, 209 F.R.D. 201, 206 (D. Colo. 2002);

11. That under the facts of this case, Plaintiff's need for the information is outweighed by Defendant Allstate need to be protected from annoyance, undue burden, or expense if this court would allow the deposition of Defendant Allstate's bad faith adjuster, Karla Cosgrove. *See* Fed. R. Civ. P. 26(c).

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant's Motion for Protective Order Regarding Plaintiff's Notices of Depositions and Subpoenas *Duces Tecum* (docket no. 63) is **GRANTED**;

2. That the subpoenas *duces tecum* served on Defendant Allstate's bad faith adjuster Karla Cosgrove and claims supervisor Estrella Hernandez are both quashed;

5

3. That Plaintiff may not take the deposition Defendant Allstate's bad faith adjuster Karla Cosgrove; and

4. That each party shall pay their own attorney fees and costs for this motion.

Done this 5th day of August 2009.

                                                BY THE COURT

                                                <u>s/ Michael J. Watanabe</u>
                                                MICHAEL J. WATANABE
                                                U.S. MAGISTRATE JUDGE